# 24-2879-cv

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT



JOBAR HOLDING CORPORATION,
ROBERT BUCK, INDIVIDUALLY,

*Plaintiffs-Appellees,*

*v.*

DAVID HALIO,

*Defendant-Appellant.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## BRIEF FOR DEFENDANT-APPELLANT

Emanuel Kataev
SAGE LEGAL LLC
*Attorneys for Defendant-Appellant*
18211 Jamaica Avenue
Jamaica, New York 11423
718-412-2421


(212) 719-0990
appeals@phpny.com

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................ ii

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION.............................................................................................1

STATEMENT OF ISSUES ............................................................................3

STATEMENT OF THE CASE........................................................................3

SUMMARY OF THE ARGUMENT ...........................................................12

STANDARD OF REVIEW ..........................................................................13

ARGUMENT ...............................................................................................14

    POINT I

    APPELLEES' PURSUIT OF STALE RICO CLAIMS
    WARRANTS SANCTIONS ................................................................14

    POINT II

    OTHER VIABLE CLAIMS DO NOT WARRANT
    DENIAL OF SANCTIONS ................................................................16

    POINT III

    SANCTIONS WERE WARRANTED UNDER
    28 U.S.C. § 1927 & INHERENT POWER........................................18

CONCLUSION ............................................................................................21

CERTIFICATE OF COMPLIANCE.............................................................22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Arellano v. McDonough,
  598 U.S. 1 (2023) .................................................................................15

Binghamton Masonic Temple, Inc. v. Bares,
  189 F.3d 460 (2d Cir. 1999)................................................................14

Charles v. Levitt,
  716 Fed. Appx. 18 (2d Cir. 2017) .......................................................14

Chester Park View, LLC v. Schlesinger,
  No. 23-CIV.-5432 (CS),
  2024 WL 2785140 (S.D.N.Y. May 29, 2024) ....................................11

City of Yonkers v. Otis Elevator Co.,
  844 F.2d 42 (2d Cir.1988).....................................................................17

Cooter & Gell v. Hartmarx Corp.,
  496 U.S. 384.............................................................................................13

Eastway Construction Corp. v. City of New York,
  762 F.2d 243 (2d Cir.1985),
  cert. denied, 484 U.S. 918 (1987) .......................................................16

Edmonds v. Seavey,
  379 Fed. Appx. 62 (2d Cir. 2010) .......................................................15

Fox v. Boucher,
  794 F.2d 34 (2d Cir.1986).....................................................................20

Fracasse v. People's United Bank,
  747 F.3d 141 (2d Cir. 2014)...................................................................1

Hoatson v. New York Archdiocese,
  280 Fed. Appx. 88 (2d Cir. 2008)............................................16, 17

In re 60 E. 80th St. Equities, Inc.,
    218 F.3d 109 (2d Cir. 2000)................................................................20

Jobar Holding Corp. v. Halio,
    Index No.: 655899/2017 (Sup. Ct., N.Y. Cty.) ...............................19

Keller v. Mobil Corp.,
    55 F.3d 94 (2d Cir. 1995)................................................................18

Kim v. Kimm,
    884 F.3d 98 (2d Cir. 2018)...............................................................11

Mareno v. Rowe,
    910 F.2d 1043 (2d Cir. 1990)...........................................................13

McCabe v. Lifetime Ent. Servs., LLC,
    761 Fed. Appx. 38 (2d Cir. 2019) ....................................................13

Norris v. Grosvenor Marketing, Ltd.,
    803 F.2d 1281 (2d Cir.1986)...........................................................16

O'Malley v. New York City Transit Auth.,
    896 F.2d 704 (2d Cir. 1990).......................................................16, 17

Perez v. Posse Comitatus,
    373 F.3d 321 (2d Cir. 2004).............................................................13

Sakon v. Andreo,
    119 F.3d 109 (2d Cir.1997)..............................................................18

Simmons v. Trans Express Inc.,
    16 F.4th 357 (2d Cir. 2021).............................................................19

StreetEasy, Inc. v. Chertok,
    752 F.3d 298 (2d Cir. 2014).............................................................13

United States v. International Bhd. of Teamsters,
    948 F.2d 1338 (2d Cir.1991)......................................................18, 19

**Statutes**

26 U.S.C. § 7201 .......................................................................5, 6

28 U.S.C. § 1291 ...................................................................................2

28 U.S.C. § 1331 ...................................................................................1

28 U.S.C. § 1441(a) ..............................................................................1

28 U.S.C. § 1927 ............................................................................*passim*

**Rules**

Fed. R. Civ. P. 11(b)(2).......................................................................13

Fed. R. Civ. P. 12(b)(6)....................................................................1, 4

Fed. R. Civ. P. 60(b) ...........................................................................20

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Plaintiffs Jobar Holding Corporation ("Jobar") and Robert Buck ("Buck") (Jobar and Buck collectively hereinafter the "Plaintiffs" or the "Appellees") brought an action against Defendant Dr. David Halio ("Halio," "Defendant," or "Appellant") in the Supreme Court of the State of New York, New York County alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") and common law claims of unjust enrichment, aiding and abetting breach of fiduciary duty, fraud, and aiding and abetting fraud under New York law.

Halio removed the action United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), as the District Court's jurisdiction over this matter was conferred because the matter presented questions arising under federal law pursuant to 28 U.S.C. § 1331. See Fracasse v. People's United Bank, 747 F.3d 141 (2d Cir. 2014).

The District Court (Clarke, J.) granted Appellant's motion to dismiss Appellees' complaint for failure to state a claim upon which relief can be granted and because it is time barred pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule"), but denied the Appellant's motion for sanctions because it found that Plaintiffs conducted a reasonable inquiry and the Court did not find the inclusion of the RICO claims were sanctionable despite the fact they are meritless. (A195-A216).

1

The District Court also declined to exercise supplemental jurisdiction over the remaining state law claims, and remanded the case to the Supreme Court of the State of New York, New York County.  (Id., A5-A6).  Appellant timely filed his Notice of Appeal on October 27, 2024 as an appeal of right pursuant to 28 U.S.C. § 1291. (A217).

## STATEMENT OF ISSUES

(1)     Whether the Court below abused its discretion in denying Appellant's motion for sanctions where Appellees' RICO claims were indisputably time-barred and identical claims against Appellant's mother based on identical facts in an earlier action were earlier dismissed by a Justice of the Supreme Court of the State of New York, New York County for failure to state a cause of action.

## STATEMENT OF THE CASE

On November 20, 2023, Appellees commenced an action in the Supreme Court of the State of New York against Appellant asserting claims under RICO and an amalgam of state law claims.  (A11-A53).  On December 27, 2023, Appellant timely removed the action to the United States District Court for the Southern District of New York after Appellant was served via substituted service on November 27, 2023 (A7-A9).  Appellees noticed an appearance in the court below on January 19, 2024.  (A3).

The dispute between the parties centers around a $1.5M fund left over from the sale of real property owned by Jobar, which transaction closed in 2006.  (A73). Buck, on behalf of himself and derivatively on behalf of Jobar, of which he is shareholder with a thirty-eight percent (38%) share, claims that the funds were stolen by Appellant and his mother, who he has separately sued in the Supreme Court of the State of New York, New York County.  (A73).

3

Plaintiffs allege in their complaint that Appellant aided and abetted his mother in engaging in wire and mail fraud, the predicate acts that purportedly prop up their RICO claims, which occurred sporadically throughout 2013 and once in 2020 (A73). However, Plaintiffs indisputably filed a special proceeding against Appellant's mother in 2016 or 2017, and incontrovertibly received documents the same year, upon which they rely to support their RICO claims. (A73-A74).

Moreover, Plaintiffs' November 2023 complaint followed an October 2020 oral argument and Order three (3) years prior in which the Hon. Joel M. Cohen, J.S.C. ("Justice Cohen") made clear that identical RICO claims brought against Appellant's mother lacked merit. (A74).

Based on the foregoing, on February 29, 2024, Appellant moved to dismiss the Complaint pursuant to Rule 12(b)(6). (A3, A56-A91).

Appellant argued that RICO claims are often used as a weapon due to their stigmatizing effect, and that courts often express skepticism towards them. (A67-A68). Appellant also argued Buck has brought RICO claims as part of a decades-long family vendetta against family members he has been estranged from. (A68).

Appellant argued that the four (4) year statute of limitations bars relief to Plaintiffs since the complained-of conduct fell outside of the statute of limitations period of November 2019 through November 2023. (A74-A76) (arguing that Plaintiffs had inquiry notice since November 2016 such that the claims expired).

4

Appellant also argued that the <u>Colorado River</u> abstention doctrine requires dismissal of the complaint (A76-A78).

Appellant further argued that the RICO claims fail to state a claim upon which relief can be granted because, *inter alia*, Appellant did not exercise any direction or control over Jobar, fail to adequately plead a "pattern of racketeering activity," fail to allege an association-in-fact enterprise, and fail to allege any facts demonstrating that Appellant conspired with his mother to commit mail or wire fraud. (A78-A90).

Appellant requested that the district court exercise its discretion against retaining supplemental jurisdiction over the remaining state law claims. (A90-A91).

On March 28, 2024, Appellees opposed the motion. (A4, A92-A117). Appellees spilled much ink on whether the required elements of a RICO claim were properly pled, but failed altogether to address the statute of limitations argument other than to argue they should be equitably tolled. (<u>Id.</u>) Appellees also relied on a tax fraud theory of liability under RICO to support their claims. (A105-A106) (arguing that Appellant violated 26 U.S.C. § 7201).

On April 11, 2024, Appellant submitted a reply memorandum of law in further support of his motion to dismiss. (A118-A126).

Appellant reiterated that the RICO claims raised against him are time-barred, and that Appellees' last-ditch effort to passively plead for equitable tolling should be denied. (A122-A123).

Appellant also addressed Appellees' argument that the alleged violation of 26 U.S.C. § 7201 does not save Appellees' RICO claims because a violation of that statute does not constitute a predicate act under RICO. (A123-A124).

Appellant further argued that Appellees' RICO claims are not based on continuous criminal conduct. (A124-A125). Finally, Appellant argued that Appellees' failure to address arguments concerning the <u>Colorado River</u> abstention doctrine and supplemental jurisdiction constituted a waiver. (A125-A126).

On April 12, 2024, Appellant sent via certified mail to Appellees' counsel a Rule 11 safe harbor notice demanding the withdrawal of their complaint against Appellant because there is no basis to state a claim under RICO. (A152, A154). The Rule 11 safe harbor period expired on May 3, 2024, and Appellees failed to withdraw the complaint as demanded in the safe harbor notice. (A3-A6).

As a result, on July 21, 2024, Appellant filed a motion for sanctions against Appellees pursuant to Rule 11, 28 U.S.C. § 1927, and the Court's inherent power. (A127-A149). The motion is also supported by the Declaration of Emanuel Kataev, Esq. and accompanying exhibits. (A149-154).

Appellant argued that there was no basis for Appellees to pursue RICO claims against him, and that they did so out of malice due to the stigmatizing nature of such claims in light of his status as a doctor. (A135-A136). Appellant further argued that he complied with the Rule 11 safe harbor notice requirements. (A136-A138).

Appellant argued that Justice Cohen warned Appellees about tacking on RICO claims to run-of-the-mill fraud complaints after dismissing virtually every cause of action Appellees brought against Appellant's mother, and that Appellees failed to heed this warning in filing an identical complaint against Appellant. (A140-A141).

Appellant further argued that Appellees failed to conduct a reasonable inquiry to determine whether there was a factual *and/or legally sufficient* basis to continue with the RICO claims against him. (A140-A141) (emphasis added). Appellant also argued that Appellees brought the RICO claims for an improper purpose. (A142). Appellant pointed out that Appellees merely mirrored the prior RICO claims slung against his mother, all of which were dismissed, without in any way curing the pleading deficiencies identified by Justice Cohen in his Order dismissing those claims. (A143).

Appellant thus sought as sanctions in the form of, *inter alia*, the imposition of an award of attorneys' fees. (A142-A144).

Appellant argued that sanctions are warranted under 28 U.S.C. § 1927 and pursuant to the district court's inherent power because, based on the record, Appellees have multiplied the proceedings in this case unreasonably and vexatiously by prosecuting a RICO claim which had no merit. (A144-A146).

Appellees opposed the motion on August 12, 2024. (A155-A180).

Appellees also submitted a declaration appending a December 2017 affidavit from Appellant's mother, and excerpts of a January 2023 deposition transcript of Appellant pursuant to a subpoena. (A165-A174).

Appellant submitted his reply memorandum of law on August 19, 2024. (A181-A188).

There, he argued that Appellees' reliance on the validity of their state law claims are unavailing to avoid sanctions for improperly asserting RICO claims. (A183). Further, Appellant argued that Appellees' citation to documents received in discovery in their other action against Appellant's mother provides no basis to deny sanctions as the RICO claims are undeniably time-barred and do not serve as a predicate act in support of a RICO claim in any event. (Id.; A185). In addition, Appellant argued that Appellees merely copied and pasted their previously-dismissed complaint containing RICO causes of action from their action against Appellant's mother. (A183) Moreover, Appellant argued that Appellees failed to sufficiently plead continuity to support a RICO claim and that the alleged predicate acts similarly missed the mark. (A184-A185).

Appellant also argued that sanctions are warranted pursuant to 28 U.S.C. § 1927 and under the district court's inherent power because Appellees unreasonably and vexatiously multiplied the proceedings. (A186). Appellant also raised Rule 5.2 violations, which Appellees corrected. (A187-A194).

On September 30, 2024, the court below issued its Opinion & Order dismissing the RICO claims due to failure to state a claim upon which relief can be granted and because they are otherwise time-barred, dismissing the complaint without prejudice upon declining to exercise supplemental jurisdiction over the state law claims, remanding the case to the Supreme Court of the State of New York, New York County , and denying Appellant's motion for sanctions although finding that Appellees' RICO claims are meritless. (A195-A216).

The court below found that Appellees were on inquiry notice in 2017 of their claims against Appellant such that the statute of limitations has run on their RICO claims. (A200-A202).

The court below also found that even if the claims were timely, Plaintiffs failed to state any viable RICO claims for a multitude of reasons, including because: (i) Appellees lack RICO standing as to allegedly fraudulent tax and corporate reports because they fail to demonstrate that those reports caused them injury; (ii) Appellees failed to plead an association-in-fact enterprise as the pleadings fail to demonstrate that the alleged members of the enterprise functioned as a unit; (iii) Appellees failed to demonstrate that Appellant had any direction or control over Jobar; (iv) Appellees failed to allege facts showing open-ended continuity; and (v) Appellees' RICO conspiracy claim fails for the same foregoing reasons. (A200, A203-A211). One of these reasons alone is sufficient to dismiss the RICO claims.

Notwithstanding the foregoing, although finding the RICO claims meritless, the district court declined to impose sanctions. (A200-A201).

The court below found that this case is essentially about a family dispute where Defendant received money from his mother that allegedly belonged to Appellees, and that Appellees attempt to dress up what seem to be conversion claims – as well as claims about allegedly fraudulently tax and corporate reports, which they lack RICO standing to pursue – as RICO claims. (A204).

The court below found that Appellees allegations of injury from converted funds are entirely distinct from the alleged predicate acts propping up their RICO claims. (A205).

The court below found that Appellees failed to advance any factual allegations regarding the hierarchy, organization, and activities of the alleged association-in-fact enterprise from which it could fairly find that its members functioned as a unit. (A206) ("Plaintiffs fail to make any concrete factual assertions as to the mechanics of the interactions between David Halio and Barbara Halio …").

The court below also found that the complaint's allegations of six (6) transfers in 2013 and one (1) in 2020 is insufficient to make out a claim of racketeering, and that such few transfers, i.e., only seven (7), does not support a finding of continuity required to support a RICO claim. (A210).

Despite these clear deficiencies, the court below declined to issue sanctions. (A212-A216).

In reaching this determination, the court below noted that Appellees relied on discovery received in an action against Appellant's mother, which the district court found was sufficient to conduct a reasonable inquiry to determine whether there was a factual and/or legally sufficient basis to continue with the RICO claims. (A213).

Further, despite the fact Justice Cohen previously dismissed identical RICO claims against Appellant's mother, the district court observed that the inclusion of such claims in the instant complaint are not sanctionable merely because they are meritless. (A213) (citing to <u>Kim v. Kimm</u>, 884 F.3d 98, 106 (2d Cir. 2018) and <u>Chester Park View, LLC v. Schlesinger</u>, No. 23-CIV.-5432 (CS), 2024 WL 2785140, at *15 (S.D.N.Y. May 29, 2024).

The court below found that there was no support for Appellant's claim that Appellees pursued RICO claims to force them to expend attorneys' fees as a means to pressure Appellant's mother to pay Appellees more than what they were entitled to due to the cost of litigation. (A213-A214).

In denying sanctions pursuant to 28 U.S.C. § 1927 and the district court's inherent power, the court below found that there was no evidence that Appellees' claims were brought in bad faith. (A214-A215).

On October 27, 2024, Appellant timely noticed this appeal. (A217-A218).

## SUMMARY OF THE ARGUMENT

The lower court abused its discretion in denying Appellant's motion for sanctions in light of the myriad manners Appellees' RICO claims were deficient.

At the outset, Appellees were obligated to determine whether their claims were not time-barred before bringing them. There is no dispute that they were time-barred, nor is there any controversy that Appellees were aware of the basis for a claim since 2017; yet, Appellees brought suit in November 2023, years after the RICO claims expired.

In response to this argument on Appellant's motion to dismiss, Appellees nonchalantly requested equitable tolling, thus conceding that their RICO claims were time-barred. However, equitable tolling of a civil RICO claim may only be obtained by establishing diligence in pursuing the claim and that some extraordinary circumstances prevented Appellees from bringing a timely action. Since Appellees can establish neither, and in fact failed to do so before the court below, sanctions were warranted on this ground alone. The district court below also declined to issue sanctions because Appellees pursue state law claims that may have some merit to them. However, RICO claims carry the carrot of treble recovery, attorneys' fees, and the availability of a federal forum. Although the latter is not in issue, the existence of potentially meritorious claims outside of the RICO context does not warrant denying sanctions for bringing meritless RICO claims.

12

In light of the foregoing, the lower court abused its discretion in denying Appellant's motion for sanctions.

## STANDARD OF REVIEW

A motion for sanctions is reviewed for abuse of discretion. See McCabe v. Lifetime Ent. Servs., LLC, 761 Fed. Appx. 38, 41 (2d Cir. 2019) ("The denial of a motion for sanctions under Rule 11 is reviewed for abuse of discretion") (citing Perez v. Posse Comitatus, 373 F.3d 321, 326 (2d Cir. 2004)). A district court necessarily abuses its discretion if its conclusions are based on an erroneous determination of law or on clearly erroneous factual findings. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405.

A court may sanction counsel for signing pleadings whose legal theories are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." See Fed. R. Civ. P. 11(b)(2); see also id. 11(c). "[T]o constitute a frivolous legal position for purposes of Rule 11 sanction, it must be clear under existing precedents that there is no chance of success and no reasonable argument to extend ... the law as it stands." See Mareno v. Rowe, 910 F.2d 1043, 1047 (2d Cir. 1990). The inquiry is one of "objective unreasonableness and is not based on the subjective beliefs of the person making the statement." See StreetEasy, Inc. v. Chertok, 752 F.3d 298, 307 (2d Cir. 2014) (citation omitted).

## ARGUMENT

## POINT I

## APPELLEES' PURSUIT OF STALE RICO CLAIMS WARRANTS SANCTIONS

Appellees' RICO claims against Appellant were destined for doom from the get-go since they were filed well beyond the statute of limitations period. Appellees conceded this in motion practice, pivoting to posit an equitable tolling argument without any authority in support (or even making a cross-motion to do so). This passive plea indicates that Appellees had no basis to pursue the RICO claims and nonetheless persisted in doing so, allowing them to stand and forcing the district court to issue an Order dismissing them following motion practice, all of which was avoidable.

Where the complaint, by itself, leaves the court with the firm conviction that there was zero chance of success for the claim, sanctions are warranted. See Charles v. Levitt, 716 Fed. Appx. 18, 23 (2d Cir. 2017) ("The District Court cogently set out its reasons for imposing sanctions, *with citations to specific portions of the amended complaint*. The irrelevant statements in the amended complaint to which the District Court alludes amply support the imposition of sanctions. The District Court acted well within its discretion in sanctioning counsel") (emphasis added); see also Binghamton Masonic Temple, Inc. v. Bares, 189 F.3d 460 (2d Cir. 1999) (same).

The complaint's deficiencies alone are thus sufficient to impose sanctions.

Indeed, this Court routinely finds that a complaint's insufficiency in light of a meritless RICO claim is more than enough to warrant sanctions. See, e.g., Edmonds v. Seavey, 379 Fed. Appx. 62, 64–65 (2d Cir. 2010) ("Finally, the district court's December 2, 2009 order imposing sanctions under Rule 11 was a legitimate exercise of discretion. Appellant has not propounded a single fact to substantiate his allegation that the defendants have been engaged in a pattern of racketeering activity. He fails to point to any evidence showing that the defendants have misappropriated funds, issued fraudulent financial statements, or otherwise committed malfeasance cognizable under the civil RICO statute. Both the record in this case and the submissions of counsel confirm for our Court, a conclusion drawn below, that counsel does not appear to comprehend the function of the civil RICO statute").

With the foregoing in mind, even had Appellees properly cross-moved for equitable tolling, that motion would suffer the same fate as their RICO claims. This is because civil RICO claims may be subject to equitable tolling "when a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action." See Arellano v. McDonough, 598 U.S. 1, 6 (2023). As is evident from the record, Appellees have been less than diligent, and point to no extraordinary circumstance whatsoever that prevented them from bringing a timely action. Indeed, Appellees were in possession of sufficient evidence since in or about 2017 to permit them to proceed with a claim against Appellant and failed to do so.

As such, sanctions are warranted for pursuing time-barred claims.

## POINT II

## OTHER VIABLE CLAIMS DO NOT WARRANT DENIAL OF SANCTIONS

This Court has held that, in accordance with Rule 11, some sanction is mandatory once a district court finds a complaint to be groundless. See O'Malley v. New York City Transit Auth., 896 F.2d 704, 705 (2d Cir. 1990). Indeed, if it is clear that the action was destined to fail based on the facts and existing precedent, and where no reasonable argument could be advanced to change or extend the present law, rule 11 *requires* a sanction. See Norris v. Grosvenor Marketing, Ltd., 803 F.2d 1281, 1288 (2d Cir.1986); Eastway Construction Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir.1985), cert. denied, 484 U.S. 918 (1987) (emphasis added).

As held in O'Malley, once a violation is shown to exist, the district court may not ignore the command of the statute: "sanctions *shall* be imposed." See O'Malley, 896 F.2d at 709 (citing Eastway, 762 F.2d at 254) (emphasis in original).

In Hoatson v. New York Archdiocese, 280 Fed. Appx. 88 (2d Cir. 2008), this Court held that Rule 11 sanctions were warranted against attorney representing terminated employee in RICO and other claims against an employer because the attorneys' pleadings on the RICO claim repeated almost word for word the precise allegations that had been found to be wholly irrelevant to the RICO claim and completely inadequate for alleging a RICO violation, which the attorney conceded.

16

The district court in <u>Hoatson</u> concluded that, "[h]aving been told that [those] pleadings were inadequate [in a prior case before Judge Hurd of the United States District Court for the Northern District of New York], simple repetition here cannot have been in good faith or done after a reasonable inquiry." <u>Id.</u> at 88.

The holding in <u>Hoatson</u> is instructive, whereas the Appellees here were similarly told that their pleadings were inadequate twice (once by Justice Cohen and by Appellant in its Rule 11 safe harbor notice), but Appellees nonetheless proceeded to submit a copy-paste complaint of the action they filed against Appellant's mother. This simple repetition could not have been in good faith nor done after a reasonable inquiry to support any RICO claims

Moreover, although the district court was not presented with evidence that Appellees brought their RICO claims for an improper purpose, the palpable invalidity of the claims on numerous independent grounds – all identified by the court below – was sufficient to warrant sanctions. <u>See</u> <u>O'Malley</u>, 896 F.2d at 709 ("Although it is not for this appellate court to say whether O'Malley's claim was brought for an improper purpose, continuing to press an obviously meritless lawsuit does tend to indicate bad faith and further supports the imposition of a rule 11 sanction") (<u>citing</u>, <u>e.g.</u>, <u>City of Yonkers v. Otis Elevator Co.</u>, 844 F.2d 42, 49 (2d Cir.1988) (sanction for costs of motion appropriate where plaintiff ignored request to withdraw meritless claim, requiring defendant to move for summary judgment).

17

The same analysis applies here. Justice Cohen's decision and Appellant's Rule 11 safe harbor notice were ignored, requiring motion practice. Sanctions must therefore be issued in accordance with Rule 11, and the fact that Appellees may have other viable claims (which are not at issue here nor in the court below) are irrelevant as to whether they complied with Rule 11 in pursuing their RICO claims.

## POINT III

### SANCTIONS WERE WARRANTED UNDER 28 U.S.C. § 1927 & INHERENT POWER

Title 28, section 1927 of the United States Code provides that a court may impose sanctions on an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions may be imposed, however, "only when there is a finding of conduct constituting or akin to bad faith." See Sakon v. Andreo, 119 F.3d 109, 114 (2d Cir.1997).

"We have held that an award under § 1927 is proper when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." See United States v. International Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir.1991) (internal quotation marks omitted); see also Keller v. Mobil Corp., 55 F.3d 94, 99 (2d Cir. 1995).

Here, the record reveals multiple reasons why the Appellees have multiplied the proceedings and engaged in bad faith.

*First*, rather than amend the complaint in the action filed against Appellant's mother to sue the Appellant in that same action, Appellees filed a separate action. This was designed both to forum shop and multiply the proceedings, especially in light of Justice Cohen's prior dismissal of the RICO claims against Appellant's mother. Concomitantly, and as further demonstrated *infra*, Appellees' attempt to multiply the proceedings was met with an Order consolidating this remanded action with their earlier action against Appellant's mother in the Supreme Court of the State of New York. See Jobar Holding Corp. v. Halio, Index No.: 655899/2017 (Sup. Ct., N.Y. Cty.), NYSCEF Docket Entry 312.[1] Notwithstanding that consolidation cured the impropriety of Appellees' conduct, it nonetheless forced Appellant to incur attorneys' fees defending their vexatious conduct. Sanctions are thus warranted.

*Second*, there can be no question that Appellees brought the RICO claims for an improper purpose, and their refusal to withdraw meritless claims alone is sufficient to meet this element on account of their bad faith. See International Bhd. of Teamsters, 948 F.2d at 1345 ("Furthermore, it was not an abuse of the District Court's discretion to conclude that the appeal of the Bankruptcy Court's decision was pursued in bad faith. First, as stated above, *bad faith may be inferred where the action is completely without merit*") (emphasis added).

---

[1] This Court may take judicial notice of state court filings. See Simmons v. Trans Express Inc., 16 F.4th 357, 360 (2d Cir. 2021) (noting that courts may take judicial notice of state-court judgments and filings).

Further, where a party is repeatedly warned of a claim's lack of merit and nonetheless persists in pursuing it, sanctions are warranted.  See In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 116-117 (2d Cir. 2000) ("Here, not only were the claims meritless, but Papapanayotou was warned of their frivolity by the Bankruptcy Court before he filed the appeal to the District Court. See Bankr.Decis. at 4–6 (bankruptcy court's labeling of the claims as without 'support in logic or the law,' 'absurd,' 'frivolous,' 'implaus[ible],' and 'inconceivable'); see also Fox v. Boucher, 794 F.2d 34, 37–38 (2d Cir.1986) (affirming a district court's imposition of sanctions under Rule 11 after the attorney filed a motion to vacate the judgment under Fed.R.Civ.P. 60(b) "in the face of a written decision by the district judge that concluded plaintiff's action was frivolous and brought in bad faith" … 'Thus, bad faith here may be inferred from the clear lack of merit of the claims, a fact of which Papapanayotou was well aware before he filed the appeal, …')").

Just like the Appellees here, the sanctioned party in 60 E. 80th St. Equities, Inc. was warned of the frivolity of its RICO claims and thus appropriately sanctioned for bringing meritless claims.

## CONCLUSION

For all of the foregoing reasons, and in light of Rule 11's mandate to issue

sanctions for meritless claims, such as the Rule 11 claims at the center of this case,

the Appellant's appeal must be granted with sanctions issued.

Dated: Jamaica, New York
      January 27, 2025            Respectfully submitted,

**SAGE LEGAL LLC**

 _/s/ Emanuel Kataev, Esq.___
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412-2421 (office)
(917) 807-7819 (cellular)
(718) 489-4155 (facsimile)
emanuel@sagelegal.nyc

*Attorneys for Defendant-Appellant*
*Dr. David Halio*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(a)(6)

This brief has been scanned for viruses and no virus was detected.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This brief complies with the type-volume limitation of App. Rule 32(a)(7)(B).

This brief contains 4,447 words, excluding the parts of the brief exempted by App. Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of App. Rule 32(a)(5) and the type style requirements of App. Rule 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Word 14 point Times New Roman.

Respectfully submitted,

/s/Emanuel Kataev, Esq.
Attorney

Dated at Jamaica, NY
This 27th day of January 2025

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Respectfully submitted,

/s/Emanuel Kataev, Esq.
Attorney

Dated at Jamaica, NY
This 27th day of January 2025