# 24-2879-CV

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT



JOBAR HOLDING CORPORATION,
ROBERT BUCK, INDIVIDUALLY,

*Plaintiffs-Appellees,*

v.

DAVID HALIO,

*Defendant-Appellant.*

_____

*On Appeal from the United States District Court
for the Southern District of New York*

## REPLY BRIEF FOR DEFENDANT-APPELLANT

Emanuel Kataev
SAGE LEGAL LLC
*Attorneys for Defendant-Appellant*
18211 Jamaica Avenue
Jamaica, New York 11423
718-412-2421


(212) 719-0990
appeals@phpny.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................. ii

SUMMARY OF THE ARGUMENT ......................................................................1

ARGUMENT .............................................................................................................2

    POINT I

    APPELLEES FAILED TO CONDUCT A REASONABLE
    INVESTIGATION ...........................................................................................2

    POINT II

    THE DISTRICT COURT'S FINDINGS ARE AN ABUSE
    OF DISCRETION .............................................................................................6

    POINT III

    APPELLEES' BELATED EQUITABLE TOLLING BID
    FARES NO BETTER ......................................................................................7

    POINT IV

    THE ALLEGED TAX FRAUD CLAIMS DO NOT MAKE
    RICO VIABLE ...............................................................................................10

    POINT V

    APPELLEES' CLAIMS AGAINST DR. HALIO ARE A
    MIRROR IMAGE ...........................................................................................12

    POINT VI

    APPELLEES ENGAGED IN FORUM SHOPPING .......................................12

CONCLUSION ........................................................................................................13

CERTIFICATE OF COMPLIANCE .....................................................................14

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Arellano v. McDonough,
    598 U.S. 1 (2023) .................................................................................................9

Bankers Tr. Co. v. Rhoades,
    859 F.2d 1096 (2d Cir. 1988) ...............................................................................4

Chester Park View, LLC v. Schlesinger,
    No. 23-CIV.-5432 (CS),
    2024 WL 2785140 (S.D.N.Y. May 29, 2024) .....................................................7

DeFalco v. Bernas,
    244 F.3d 286 (2d Cir. 2001) .................................................................................3

Hooper v. Berryhill,
    No. 15-CIV.-6646 (JLC),
    2017 WL 927843 (S.D.N.Y. Mar. 8, 2017) .........................................................9

Jobar Holding Corp. v. Halio,
    Index No.: 655689/2017 .....................................................................................13

Kim v. Kimm,
    884 F.3d 98 (2d Cir. 2018) ................................................................................6, 7

Kulhawik v. Holder,
    571 F.3d 296 (2d Cir. 2009) ..........................................................................11, 13

Official Comm. of Unsecured Creditors of Color Tile,
    Inc. v. Coopers & Lybrand, LLP,
    322 F.3d 147 (2d Cir. 2003) .................................................................................8

Poindexter v. Warner/Chappell Music Inc.,
    No. 06-CIV.-3403 (LTS) (DCF),
    2009 WL 302064 (S.D.N.Y. Feb. 9, 2009),
    aff'd, 372 Fed. Appx. 103 (2d Cir. 2010) .............................................................9

Rite Aid of N.Y., Inc. v. 1199 SEIU United HeathCare
    Workers E.,
    334 F. Supp. 3d 568 (S.D.N.Y. 2017)..................................................................9

Storey v. Cello Holdings, L.L.C.,
    347 F.3d 370 (2d Cir.2003)..............................................................................11

**Other Authorities**

Timr and Date Website, "Date Calculator: Add to or Subtract
    From a Date,"
    https://www.timeanddate.com/date/dateadded.html?m1=11&d1=2
    0&y1=2023&type=sub&ay=&am=&aw=&ad=228&rec= ................................4

## SUMMARY OF THE ARGUMENT

In a dizzying display of doubling down on their disastrously defective claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, Plaintiff-Appellees Jobar Holding Corp. ("Jobar") and Robert Buck ("Buck") (Jobar and Buck collectively hereinafter the "Appellees") rely on their well-pled state law claims to argue that the complaint they filed does not warrant sanctions. But Defendant-Appellant Dr. David Halio, M.D. (hereinafter "Appellant" or "Dr. Halio") never sought dismissal of the state law causes of action in this case, and argued only that the RICO claims were frivolous such that sanctions are in order.

The Appellees' opposition provides no basis to deny relief on this appeal, in which Appellant respectfully argues that the lower court abused its discretion by denying his motion for sanctions. Appellees' reliance on their state law claims being properly pled is misplaced. The Appellant did not argue those causes of action did not state a claim upon which relief can be granted; Appellant only argued that the RICO claims were improperly asserted. Buck has fueled the fire to this family vendetta by utilizing the RICO claims in an effort to extract more than what he is entitled to when the RICO claim should have never been brought in the first place.

The reason Appellees brought the RICO claims is due to the allure of treble damages, which is – critically – unavailable with the remaining state law causes of action Appellees improperly rely on to bolster the validity of the RICO claims.

1

Appellees' counsel was duty-bound to properly investigate the viability of the RICO claims before asserting them, especially in light of the Hon. Joel M. Cohen, J.S.C.'s ("Justice Cohen") admonition to him when they were previously dismissed upon being asserted against Appellant's mother. Appellee's counsel failed to do so. Sanctions are thus warranted to deter Appellees and the public at large from pursuing frivolous and meritless claims for the sake of shaking down a defendant in an effort to obtain some benefit that is otherwise unavailable to them.

Based on the foregoing, the arguments below, and those in Appellant's brief, this Court should find that the lower court thus abused its discretion in denying Appellant's motion for sanctions, and issue appropriate sanctions.

## ARGUMENT

## POINT I

**APPELLEES FAILED TO CONDUCT A REASONABLE INVESTIGATION**

Appellees argue that they spent substantial time investigating "the facts" between the time Appellant received a check for $30,000.00 from his mother on April 25, 2020 and when Appellees filed a complaint against the Appellant in December 2023. But the seed Appellees plant in this Court's mind fails to take root for numerous reasons. *First*, as the lower court found and as the record shows, Appellees were on inquiry notice concerning Dr. Halio's alleged involvement since 2016 or 2017. (A23, A74, A75, A76, A185, A198, A202).

2

Indeed, the lower court found that the bank and financial records Appellees received, which they allege in their complaint, were sufficient to place them on inquiry notice of their alleged injuries, and the fact that they did not know the full extent of the alleged fraud does not save their RICO claims. (A202).

As such, Appellees' discovery of the April 25, 2020 transaction is irrelevant.[1]

*Second*, as Appellees seem to misunderstand, the existence of one "timely" check payment – which Appellees failed to plead constitutes wire fraud – is insufficient to state a RICO claim because *two (2)* timely predicate acts are required. See DeFalco v. Bernas, 244 F.3d 286, 306 (2d Cir. 2001) ("To be liable for a RICO violation, a defendant must commit 'at least *two acts* of racketeering activity'") (emphasis added). Thus, standing alone, the discovery of the April 25, 2020 transaction alone does not constitute a reasonable investigation for purposes of investigating the viability of a RICO claim.

Appellees also argue that Appellant's mother admitted she "embezzled" funds and conflate the loans she took from the Holdback Fund with proceeds from the sale of a vacation home she owned. However, the record cited consists of a December 2017 affidavit which refers only to the loans she admits she took from the Holdback Fund, with no mention of the vacation home that was sold three (3) years later.

---

[1] For the same reasons, Appellees' argument that the deposition of Dr. Halio was delayed in the action they filed against his mother is similarly unavailing. This is because Appellees should have known of Dr. Halio's alleged involvement from the documents they received in 2016 or 2017.

3

Appellees' misstatement of the record highlights the liberties they take with the truth, which only cements Appellant's entitlement to sanctions.

Appellees further argue that fraudulent conveyances took place over the course of a seven (7) year period. However, the record shows only sparse and sporadic transactions in 2013, 2017, and a single transaction in 2020. (A74, A80, A85). Since the 2013 and 2017 transactions fall outside of the statute of limitations period, and because the continuing violations doctrine does not apply in RICO cases, this argument is similarly meritless. See Bankers Tr. Co. v. Rhoades, 859 F.2d 1096, 1105 (2d Cir. 1988).

Nor do Governor Cuomo's Executive Orders tolling claims for 228 days save the Appellees' untimely claims. Giving effect to the Executive Orders for Appellees' November 20, 2023 complaint (A11), the relevant statute of limitations period consists of the dates between April 6, 2019 through the present. See https://www.timeanddate.com/date/dateadded.html?m1=11&d1=20&y1=2023&type=sub&ay=&am=&aw=&ad=228&rec= (subtracting 228 days from November 20, 2023 results in April 6, 2023, minus four (4) years is April 6, 2019) Thus, even applying tolling under the Executive Orders as Appellees now seek to do (but failed to address in their arguments with the court below), Appellees' claims remain time-barred since they rely on transactions in 2013 and 2017 and the lone 2020 transaction is not enough.

Had Appellees actually done a reasonable investigation prior to filing their complaint in November 2023, they would have determined, *inter alia*, that: (i) the RICO claims are time-barred; (ii) there was only one (1) timely predicate act; (iii) Dr. Halio did not direct or control the alleged enterprise; (iv) there was insufficient continuity; and (v) tax fraud is not a recognized predicate act under RICO.

The foregoing arguments are, of course, without the benefit of Justice Cohen's decision dismissing the RICO claims Appellees unsuccessfully brought against Dr. Halio's mother. It is worthy to emphasize that Appellees did not heed Justice Cohen's decision in proceeding with identical RICO claims against Appellant.

Critically, in their brief, Appellees admit that they spent six (6) figures in legal fees and sought RICO as a means to recover those fees. This is because legal fees are not recoverable for their state law causes of action. However, Appellees ignore that they seek $2,500,000.00 for their claims (A45 ¶ 86), much more than what they can hope to recover should they prevail on their state law claims, which amounts to only $570,000.00 when one calculates thirty-eight percent (38%) of the $1.5M Holdback Fund. In pursuing the unattainable goal of attempting to state a claim under RICO, Appellees have dug themselves into a hole by punishing Dr. Halio and his ninety (90) year old mother with almost a decade of litigation.

This warrants sanctions in light of the irrefutable evidence that the Appellees failed to sharpen their pencil before scrawling the letters R-I-C-O in their complaint.

5

## POINT II

## THE DISTRICT COURT'S FINDINGS ARE AN ABUSE OF DISCRETION

Appellees argue that the lower court did not find the pleadings frivolous. However, they fail to explain why this finding was not an abuse of discretion in light of Second Circuit precedent requiring sanctions under Rule 11 upon a finding that a complaint is meritless. As set forth here and in Appellant's brief, the RICO claims suffered from not one, but many, infirmities which made them dead on arrival.

Appellees rely on Kim v. Kimm, 884 F.3d 98 (2d Cir. 2018) ("Kim"), in which this Court affirmed the denial of sanctions for a meritless RICO claim. But a Grand Canyon of differences distinguish the circumstances in Kim from those present here. In Kim, where this Court dealt with a matter of first impression as to whether litigation activities constituted predicate acts under RICO, it held that "[a]t the time Kim filed this suit, there was no binding precedent in this Circuit as to whether litigation activities could serve as predicate acts for purposes of RICO. Indeed, some courts had endorsed the viability of some such claims." Id. at 106-107. As such, the denial of sanctions in Kim was affirmed. Here, no such circumstances exist. There is no matter of first impression present in this case, nor has any court endorsed the viability of stale RICO claims with only one (1) possible predicate act, non-actionable tax fraud claims which carry no private right of action and which cannot otherwise serve as a predicate act for RICO purposes as a matter of law.

Similarly, in Chester Park View, LLC v. Schlesinger, No. 23-CIV.-5432 (CS), 2024 WL 2785140 (S.D.N.Y. May 29, 2024), the Hon. Cathy Seibel, U.S.D.J. ("Judge Seibel") held that while some predicate acts were inadequately particularized or failed to specify a wiring, had they been better pleaded they could have served as RICO predicates. Id. at *15. The same does not hold true here, as – even if Appellees better pled the transactions in 2013 and 2017, or the circumstances behind the alleged tax fraud – they would remain time-barred as to the former and would remain not actionable under RICO as to the latter.

Accordingly, Appellees' reliance on Kim and Schlesinger is misplaced, and the lower court in this case abused its discretion given the fact the RICO claims here had no chance of success, because they did not present a matter of first impression and could not succeed by a long shot even if they were better pled.

### POINT III

### APPELLEES' BELATED EQUITABLE TOLLING BID FARES NO BETTER

Resigned to the fact that their RICO claims were time-barred, Appellees resort to argue that equitable tolling should apply to save them from sanctions. But what could have served as a life raft eludes the Appellees from the treacherous waters they find themselves swimming in after failing to investigate the viability of the claims.

This is because Appellees' failure to recognize their claims were time-barred from the get-go caused them to never seek equitable tolling in the first place.

7

Then, when Dr. Halio argued that the claims were time-barred in his motion to dismiss (A74-A76), Appellees failed to cross-move for relief in the form of equitable tolling. Nor did Appellees thereafter move the lower court to equitably toll their claims. Instead, they merely argued equitable tolling should apply in their opposition papers without establishing the requirements for such an extraordinary remedy. (A115, A121). Equitable tolling is not warranted in such circumstances.

The Appellees further argue that Dr. Halio provides no proof of their knowledge concerning his alleged involvement in the complained-of conduct. But Dr. Halio need not prove this, as Appellees' own pleadings concede that they knew of his alleged involvement since in or about 2016 or 2017. (A23 ¶¶ 29-31 ("[t]he bank and financial records that were secured through those *proceedings* … reveal that [Dr. Halio's mother] fraudulently transferred most of the Holdback [Fund] from Jobar to herself, her family members, including defendant [Dr. Halio] …") (emphasis added)). The proceedings Appellees refer to is the 2016 special proceeding. Accordingly, Appellees' judicial admissions establish their knowledge of Appellant's alleged involvement. See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP, 322 F.3d 147, 167 (2d Cir. 2003) (stating that the allegations in plaintiff's complaint were "judicial admissions" by which plaintiff was "bound throughout the course of the proceeding" (quotations omitted)).

In that regard, Appellees' arguments that they were allegedly unaware of Dr. Halio's involvement due to alleged tax fraud is nonsensical. The tax returns could not serve to keep the alleged fraud hidden when the documents obtained from the Appellees' special proceeding laid bare the alleged involvement of Dr. Halio in the complained-of conduct.

Appellees argue that Buck relied on Dr. Halio's mother's promise in 2017 to pay him out of the proceeds of the sale of her vacation home and that this stayed his hand from suing the Appellant. However, settlement discussions do not form a basis to equitably toll claims. In order to equitably toll a civil RICO claim, Appellees would have to establish that they "pursued [their] rights diligently but some extraordinary circumstance prevent[ed] [them] from bringing a timely action." See Arellano v. McDonough, 598 U.S. 1, 6 (2023). But courts have consistently held that settlement discussions do not constitute extraordinary circumstances warranting equitable tolling. See Rite Aid of N.Y., Inc. v. 1199 SEIU United HeathCare Workers E., 334 F. Supp. 3d 568, 576 (S.D.N.Y. 2017) ("Settlement discussions are not the sort of extraordinary circumstances that would trigger the application of equitable tolling") (quoting Hooper v. Berryhill, No. 15-CIV.-6646 (JLC), 2017 WL 927843, at *4 (S.D.N.Y. Mar. 8, 2017)); see also Poindexter v. Warner/Chappell Music Inc., No. 06-CIV.-3403 (LTS) (DCF), 2009 WL 302064, at *5 (S.D.N.Y. Feb. 9, 2009), aff'd, 372 Fed. Appx. 103 (2d Cir. 2010) (summary order).

9

Moreover, Appellees' repeated reliance on alleged tax fraud concerning the characterization of loans on Jobar's tax returns do not save their RICO claims from being sanctionable. This is because it is black letter law that tax fraud is not one of the enumerated statutes covered under RICO. It is also a frivolous argument because it ignores the fact that Appellees admit they knew of Dr. Halio's alleged involvement with his mother in the "fraud" by virtue of the documents they received from the 2016 special proceeding.

Thus, Appellees' argument that equitable tolling applied is meritless and unavailing, especially in light of Appellees' apparent argument that equitable tolling is something to be declared by fiat rather than obtained by Court Order upon establishing the elements necessary to entitle one to same.

Similarly, while Appellees argue that the April 2020 payment from Appellant's mother to Dr. Halio constituted a *fraudulent conveyance*, they fail to establish how this one transaction supports a RICO claim.

## POINT IV

### THE ALLEGED TAX FRAUD CLAIMS DO NOT MAKE RICO VIABLE

Appellees argue that their complaint alleges with many specific details that Dr. Halio and his mother misappropriated their funds on numerous occasions. Accepting this as true, Appellees fail to successfully argue how those allegations give rise to an actionable RICO claim.

10

In arguing that Appellant, his mother, and their accountants fail to contest alleged tax fraud, the Appellees miss the mark on why they should not be sanctioned for bringing frivolous RICO claims: tax fraud is not a predicate act under RICO. Thus, assuming *arguendo* that the tax returns were fraudulent (which Appellant does not concede), this provides no safe harbor from sanctions.

Appellees cite to the First Department's and Justice Cohen's finding that their state law claims are actionable to avoid sanctions, but those decisions are irrelevant because they do not deal with Appellees' frivolous RICO claims, and Dr. Halio did not seek to dismiss the state law causes of action in this case.

Finally, Appellees argue that their counsel believed that the state of the law permitted mail fraud pyramiding based upon conduct that would have been actionable as tax fraud, citing the United States Justice Department Manual. This argument fails for several reasons. *First*, Appellees' counsel's subjective beliefs are irrelevant for purposes of Rule 11 sanctions. See Storey v. Cello Holdings, L.L.C., 347 F.3d 370, 389 (2d Cir.2003) ("[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement"). *Second*, Appellees' counsel's beliefs are unsubstantiated because they are submitted in an unsworn brief which is also *dehors* the record. See Kulhawik v. Holder, 571 F.3d 296, 298 (2d Cir. 2009) ("An attorney's unsworn statements in a brief are not evidence").

*Third*, the United States Justice Department Manual does not supplant the need for Appellees to conduct research concerning the viability of the RICO claims they sought to pursue; had they done so, they would have quickly learned that tax fraud is not a proper predicate act for RICO purposes. Indeed, the Manual is used by AUSA's to prosecute criminal offenses, and the Appellees' reliance on it is therefore questionable, to say the least.

## POINT V

### APPELLEES' CLAIMS AGAINST DR. HALIO ARE A MIRROR IMAGE

Appellees argue, without establishing, that their claims against the Appellant are not identical to those raised against Dr. Halio's mother. To rebut this contention, they rely on the First Department's and Justice Cohen's decision finding that their state law causes of action state a claim upon which relief can be granted. Again, those claims – which are not the subject of this appeal nor of the decision by the court below – have no bearing as to whether Appellees properly investigated the RICO claims before asserting them against Dr. Halio.

## POINT VI

### APPELLEES ENGAGED IN FORUM SHOPPING

Appellees argue that they filed a separate action because Justice Cohen's law clerk told their counsel that the court would prefer a separate action be filed.

12

Again, these unsworn statements in a brief are *dehors* the record and must be not be considered. See Kulhawik, 571 F.3d at 298.

Moreover, Appellees' contention that they were "content to support consolidation of the proceedings" is belied by the fact that they opposed the motion. See Jobar Holding Corp. v. Halio, Index No.: 655689/2017, NYSCEF Docket Entry 310 (maliciously seeking for Appellant and his mother to file separate answers to incur attorneys' fees unnecessarily).

## CONCLUSION

For all of the foregoing reasons, and in light of Rule 11's mandate to issue sanctions for meritless claims, such as the RICO claims at the center of this case, the Appellant's appeal must be granted with sanctions issued.

Dated: Jamaica, New York
      March 24, 2025         Respectfully submitted,

                               **SAGE LEGAL LLC**

                               */s/ Emanuel Kataev, Esq.*
                              Emanuel Kataev, Esq.
                              18211 Jamaica Avenue
                              Jamaica, NY 11423-2327
                              (718) 412-2421 (office)
                              (917) 807-7819 (cellular)
                              (718) 489-4155 (facsimile)
                              emanuel@sagelegal.nyc

                              *Attorneys for Defendant-Appellant*
                              *Dr. David Halio*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 25(a)(6)**

This brief has been scanned for viruses and no virus was detected.

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

This brief complies with the type-volume limitation of App. Rule 32(a)(7)(B).

This brief contains 2,972 words, excluding the parts of the brief exempted by App. Rule 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of App. Rule 32(a)(5) and the type style requirements of App. Rule 32(a)(6).

This brief has been prepared in a proportionally spaced typeface using Word 14 point Times New Roman.

                                      Respectfully submitted,

                                      <u>/s/Emanuel Kataev, Esq.</u>
                                      Attorney

Dated at Jamaica, NY
This 24th day of March 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

                                        Respectfully submitted,

                                        <u>/s/Emanuel Kataev, Esq.</u>
                                        Attorney

Dated at Jamaica, NY
This 24th day of March 2025